DJW/1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**WILLIAM E. ORCUTT,**

**Plaintiff,**

v.                                                                    **CIVIL ACTION**

**No. 09-2025-EFM-DJW**

**BRANDON LIBEL, in his individual**
**capacity, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court are the Motions to Stay Discovery filed by Defendants City of
Elwood, Kansas, Larry Hunsaker, and Darrell Lamme (doc. 38) and Defendants Doniphan County,
Kansas and Jerry R. Dubach (doc. 47).   For the reasons set forth below, the Court grants the
Motions and stays all Rule 26 and other pretrial proceedings, including the April 16, 2009 telephone
scheduling conference and discovery, until such time as the Court has ruled on the pending Motions
for Judgment on the Pleadings (docs. 30 & 44).

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound
discretion of the trial court.[1]  The Tenth Circuit, however, has held  that "'the right to proceed in
court should not be denied except under the most extreme circumstances.'"[2]  Consequently, as a
general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though

---

[1]*Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM,
2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484
(10th Cir. 1983) (citation omitted).

dispositive motions are pending.[3]  An exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[4]

It is well settled that defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5]  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6]  Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[7]

Defendants Larry Hunsaker, Darrell Lamme, and Jerry Dubach assert qualified immunity as a basis for judgment in their Motions for Judgment on the Pleadings.  They are therefore entitled to a stay pending a ruling on those motions.  To prevent the case from going forward in a piecemeal fashion against the remaining Defendants and in the interest of judicial economy, the Court finds that a stay as to all Defendants is warranted.

In light of the foregoing, Defendants' Motions to Stay are granted.  All pretrial and Rule 26 proceedings, including the parties' planning conference, the April 16, 2009 telephone scheduling

---

[3]*McCoy,* 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4]*McCoy,* 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[5]*See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

[6]*Siegert*, 500 U.S. at  232.

[7]*Id*. (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

conference, Rule 26(a)(1) disclosures, and discovery, are hereby stayed until the Court has ruled on the pending Motions for Judgment on the Pleadings (docs. 30 & 44).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of April, 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties