DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM E. ORCUTT,**

        **Plaintiff,**

                      **CIVIL ACTION**

**v.**

                      **No. 09-2025-MLB-DJW**

**BRANDON LIBEL, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (doc. 79), which asks the Court to reconsider its June 11, 2009 Order (doc. 74) denying Plaintiff's Motion to Amend Complaint (doc. 68). For the reasons set forth below, the Court denies Plaintiff's Motion for Reconsideration.

The District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings, such as a ruling on a motion to amend. Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." The decision whether to grant or deny a motion for reconsideration is committed to the court's sound discretion.[1]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or

---

[1] *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[2] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[3]

Plaintiff fails to establish that any one of the three bases for reconsideration applies here. Plaintiff does not cite any intervening change in the law nor does he come forward with any new evidence that was not available to him at the time this Court denied his Motion to Amend. Finally, Plaintiff does not establish any need for the Court to "correct clear error" or "prevent manifest injustice."

The Court's June 11, 2009 Order denied Plaintiff's Motion to Amend on procedural grounds. As that Order held, Plaintiff failed to comply with D. Kan. Rule 15.1 in that he did not set forth a concise statement of the amendment sought. Furthermore, Plaintiff failed to comply with D. Kan. Rule 7.1, which required him to file a brief or memorandum in support of the Motion to Amend. D. Kan. Rule 7.4 states that "[a] motion not accompanied by a required brief or memorandum may, in the discretion of the court, be summarily denied."[4] The Court correctly acted, in its discretion, when it denied Plaintiff's Motion. In sum, the Court's ruling was proper and there are no valid grounds upon which reconsideration may be granted.

---

[2] *Doerge v. Crum's Enters, Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

[3] *Classic Communc'ns, Inc. v. Rural Tel. Serv., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citation omitted).

[4] D. Kan. Rule 7.4.

The Court is mindful that Plaintiff is proceeding *pro se*. This Court typically makes reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights because of their lack of legal training. Although *pro se* litigants are not exempt from compliance with the applicable procedural rules and substantive law, their ability to represent themselves should not be impaired by the harsh application of technical rules.[5] In this case, however, compliance with the above-cited rules is not a mere technicality. Plaintiff's failure to comply with these rules left the Court without sufficient information—both factual and legal—to make an adequate and fair ruling on the Motion to Amend. Reconsideration is therefore denied.

The Court will decline to construe the Motion for Reconsideration as a renewed motion to amend, in that Plaintiff has failed to attach a copy of the proposed amended complaint to his motion, as required by D. Kan. Rule 15.1. If Plaintiff wishes to amend his Complaint to plead claims against the proposed defendant, Jack Euler, then Plaintiff may filed a renewed motion for leave to amend that *fully complies* with D. Kan. Rules 7.1 and 15.1.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 79) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of September 2009.

s/<u>David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[5] *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).